MARIA H. TERRY v. ESTATE OF CONSTANT TERRY.

1. The surviving widow of one who dies leaving no homestead is entitled for herself and family to an allowance, in lieu of the homestead, out of the estate ; and she is also entitled to an allowance in lieu of such personal property exempt by law from forced sale as her husband did not leave her at the time of his death.
2. Articles 6834 and 6994, Paschal's Digest, being parts of different acts of

the Legislature passed on the same day, are to be construed *in pari meteria.*

3. In no case should the allowance for a homestead exceed five thousand dollars.

4. See this case for rules suggested for the guidance of the District Courts in making such allowance.

APPEAL from Bexar. Tried below before the Hon. Geo. H. Noonan.

*Jas. H. Burts*, for appellant.—In order to better understand what the Legislature meant in Article 5487 by property "reserved from forced sale," "or its value," the court is respectfully requested to construe this article by the light cast upon it by Articles 6834 and 6994, 2d Vol. Paschal's Digest. These articles contain the act of the Legislature passed in pursuance of the requirements of Section 15 of the 12th Article of the Constitution, and embrace all that is contained in and meant by the expression "by the Constitution and laws of this State," as used and set forth in Article 5487. The caption of the act of which these two articles form a part reads as follows: "An act defining the homestead and other property exempt from forced sale in this State."

In Article 6834 the personal property exempt from forced sale is specified, while Article 6994 is a repetition, or embodying in the act the 15th Section of the 12th Article of the Constitution, in which the very language of the Constitution is employed. It will be observed that the caption of the act in which is set forth and expressed its object links the homestead to the other property exempt from forced sale; and the Constitution and act passed to render operative its provisions, taken together, weld and cement together the homestead and other property exempt from forced sale in such method that the adhesion between them cannot be destroyed; so that in a proceeding like this the one cannot be treated as right-

fully the property of the surviving constituent part of the family of deceased and the other pass with the balance of the estate. They, or their value in their absence, must, under the Constitution and laws, be disposed of in precisely the same way, without separation or diminution, save and except wherein the effects are insufficient to make up the value designated. But before passing from this point the court is asked to look and to see the intention of the Legislature as manifested in Article 5487, taken in connection with the act of which Article 6994 is a part. Both acts were passed the fifteenth of August, 1870, and each took effect from passage. They were, therefore, as near one and the same as two different acts could possibly be. The one was intended to aid in carrying into effect the other; and when the Legislature, in Article 5487, used the language, "The property reserved from forced sale by the Constitution and laws of this State," it meant exactly the same thing that it did when, in the caption of the other act, it used the expression, "The homestead and other property exempt from forced sale in this State;" and it meant that when there was no such property as "the homestead and other property exempt from forced sale in this State," or rather, "by the Constitution and laws of this State," that the value of the homestead and such other property was to be excepted or taken from the other effects of the deceased, and was to form no part of the estate for administration, but to be set apart to the survivor or survivors who formed constituent parts of the family of deceased in his lifetime. If appellant's construction of the Constitution and laws passed in pursuance thereof be correct, there was error in the judgment or decree of the court below, and she respectfully asks that the same be reversed, and that the rights of which she was deprived by the same be restored to her by the judgment of this court.

No brief on file for appellee.

WALKER, J.—The appellant filed her petition in the District Court representing herself as the surviving widow of Constant Terry.

She avers that she and her minor daughter are constituents of the family of said Constant; that her husband died leaving no homestead, nor did he leave the specific personal property exempt by law from forced sale, and she prays for an order to sell so much of the personal property of her husband's estate as would equal in value a homestead, the personal property exempt, and a provision for one year.

The averments of the petition were not contested.

The court found them true, but denied her the right to the value of the homestead, and allowed her $600 in lieu of the property not possessed by the deceased at the time of his death, and authorized her to sell property to the amount of $600.

From this decree of the court the case is brought here on appeal.

By reference to Articles 5486, 5487, 6994 and 6834, Paschal's Digest, we arrive at what we believe to be the law of this case. Article 5487 reads thus: "The property reserved from forced sale by the Constitution and laws of this State, or its value if there be no such property, does not form any part of the estate of a deceased person where a constituent of the family survives."

Articles 6834 and 6994 are both acts of the Legislature passed on the 15th day of August, 1870, and took effect from and after their passage, if indeed they are to be regarded as different acts.

But we think it safe to regard them as part and parcel of the same act.

We are then left to the conclusion that the appellant is

entitled to an allowance in lieu of a homestead, and also·
in lieu of such personal property exempt by law from
forced sale as her husband did not leave her at the time·
of his death; and that under Article 5487 so much of
the property as is required to make good these allow-
ances is not otherwise subject to administration.

But this question does not present itself without some·
embarrassment.

The Legislature has not enacted what sum shall be al-
lowed in lieu of the homestead, or what valuation shall
be fixed upon the chattel property reserved from forced
sale; and we do not feel authorized to do more than sug-
gest what might be a safe rule for the District Courts to·
follow in making these allowances.

In no case should the allowance for a homestead exceed
five thousand dollars.

We are of opinion that in estimating the amount to be
allowed, it would be competent for the court to ascertain,
through witnesses, what would be the average value of
homesteads in the town, city, or neighborhood where the
deceased died, owned by persons in like conditions and
circumstances; and also what would be the average value
of the personal property, to be estimated at the place
where the deceased last resided.

With these instructions, the judgment is reversed and
the cause remanded.

REVERSED AND REMANDED.