## J. B. JOHNSON v. THE STATE.

### No. 1728. Decided May 24, 1899.

**1. Forgery—Deed to Homestead Not Acknowledged by the Wife.**

A homestead can not be conveyed without the consent of the wife, and not even then unless her privy acknowledgment has been taken to the deed of conveyance. Held, a purported deed to the homestead which does not affirmatively show her privy examination and acknowledgment, is not such an instrument as may be the subject of forgery.

**2. Same—Explanatory Allegations.**

On a trial for having a forged instrument in possession with intent to pass it, which instrument is a deed purporting to convey the homestead of one J. and wife, and which appears also to have been executed by one T., who, from the face of the instrument, is not shown to have had any interest in said homestead; Held, the indictment should have contained explanatory averments showing the interest, if any, owned or claimed by said T. in said homestead.

**3. Having Possession of a Forged Deed with Intent to Pass It.**

On a trial for having a forged deed in possession with intent to pass it, where the evidence was that the deed purported to convey a homestead which was also the separate property of the wife, and after it was signed by the husband and one T., it was presented by J., the defendant, to the wife, who refused to execute it unless a certain stipulation in the interest of said T. was erased, and the erasure was made by J., the defendant, and she then signed it; Held, this erasure is the only fact having any tendency to show a forgery, and a conviction could not be had on account of such erasure or alteration, because such facts are not set forth or alleged in the indictment as the basis of the forgery.

**4. Forgery—Alteration—Charge.**

On a trial for having in possession a forged deed, where there was no allegation of forgery by alteration, it was error for the court to submit to the jury, in its charge, the theory that the forgery was constituted by altering a genuine instrument.

APPEAL from the District Court of Bandera. Tried below before Hon. I. L. MARTIN.

Appeal from a conviction for having in possession a forged deed with intent to pass it; penalty, two years imprisonment in the penitentiary.

The charging part of the indictment is as follows, viz.: "On or about the 8th day of August, A. D. 1895, in the county of Bandera and State of Texas, did then and there unlawfully, knowingly, and fraudulently have in his possession, with intent to pass and use the same as true, a false and forged instrument, in writing, which is in the possession of the

said J. B. Johnson, or has been destroyed, and to which the grand jurors can not obtain access, and which said instrument is in substance, as nearly as can be ascertained by the grand jury, as follows:

" 'The State of Texas, County of Bandera.—Know all men by these presents, that we, J. B. Johnson and Fannie Johnson, wife of said J. B. Johnson, and G. A. Tutwiler, of the county of Bandera, in the State aforesaid, for and in consideration of the sum of one dollar and other valuable considerations, exchange of homestead, value $3000, to us paid by Fannie B. Stirman, the receipt whereof is hereby acknowledged, at the time of the delivery of these presents; and it is understood that the other consideration named in this deed is the Stirman Hotel and lots in Ozona, Texas.

" 'Have granted, sold, and conveyed, and by these presents do grant, sell, and convey unto said Fannie B. Stirman, of the county of Crockett and State of Texas, all that certain real estate lying and being in the town of Leakey, and in the county of Bandera, in the State of Texas, and particularly known as all of lots number sixty-four (64) and sixty-five (65) in said town, according to the Lewis Bohne map of said town, made in 1883; which said map is recorded in Edwards County, Texas, public records, in vol. 1, p. 57. Each of said lots is twenty varas wide by eighty varas long. The said two lots, together with the improvements thereon, being occupied by said Johnson as a homestead. To have and hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said Fannie B. Stirman, her heirs and assigns forever, and we do hereby bind ourselves, our heirs, executors, and administrators to warrant and forever defend all and singular the said premises, unto the said Fannie B. Stirman, her heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

" 'Witness our hands at Leakey, Texas, this 15th day of July, A. D. 1895.

(Signed) " 'G. A. TUTWILER,
" 'J. B. JOHNSON,
" 'FANNIE JOHNSON.'.

"And which said instrument in writing the said J. B. Johnson then and there knew to be false and forged. Against the peace and dignity of the State."

Defendant moved to quash the indictment, and also a motion in arrest of judgment. The motion to quash was based, among others, upon the following grounds: 1. The said indictment charges no offense against the laws of the State. 2. Because, on its face, it discloses the fact and shows that the instrument (declared on) affected the property of defendant alone, to wit, his homestead; and fails to allege or set out any extrinsic fact or facts showing how said instrument could affect the rights or interest of anyone else. 3. It does not allege that the instrument set out had theretofore been made without lawful authority. 4.

Because it fails to allege wherein the instrument declared on is a forgery, or by whom it was made.

The principal ground of the motion in arrest of judgment was, that the instrument declared on showed on its face that it was a deed to the homestead of Johnson and wife, and the indictment is defective and insufficient in that it fails to set out Mrs. Johnson's privy acknowledgment to said deed, or to allege that the same had ever been taken in the manner required by law to pass title to the homestead, or to render said instrument of any valid force or effect in law, if it had been true and genuine.

The evidence shows that the property mentioned in the deed alleged to be forged was not only the homestead of Johnson and wife, but was also the separate property of Mrs. Johnson. That Tutwiler held a mortgage or pretended sale to the same. That the deed declared on was drawn up to be executed to Fannie B. Stirman by Johnson and wife for the purpose of and in exchange for another homestead owned by said Stirman, at Ozona, Texas. As originally drawn up, the deed contained the following clause or stipulation, viz.: "And the other consideration named in this deed is, that the said W. A. J. Stirman and wife, Fannie B. Stirman, will convey the Stirman Hotel property in Ozona, Texas, to G. A. Tutwiler." The original deed, with this stipulation contained in it, was signed by Tutwiler and J. B. Johnson. When it was presented to Mrs. Fannie Johnson, the wife of J. B. Johnson, she demurred to the above clause or stipulation, and upon her positive refusal to execute the same, the said clause or stipulation was erased and stricken out, after which she signed it. The erasure of this clause, under the circumstances stated, was the forgery relied upon. The prosecution was based upon the theory that Tutwiler had an interest in the Johnson homestead which could be affected by the erasure of the clause written in the deed whereby the Stirmans were to deed their Ozona property to G. A. Tutwiler instead of to appellant's wife; and it was upon this theory that Tutwiler procured and became the prosecutor in this proceeding.

*Burney & Garrett*, for appellant.—The indictment charges no offense, and does not allege such facts, etc., as will show, as a matter of law, that a crime has been committed. Bill of Rights, sec. 10; Code Crim. Proc., arts. 438, 564; Williams v. State, 12 Texas Crim. App., 399; State v. Knippa, 29 Texas, 298; Cagle v. State, 39 Texas Crim. Rep., 109; Caffey v. State, 36 Texas Crim. Rep., 199.

The indictment in this case shows on its face that the instrument which it is charged appellant had in his possession, knowing it to be forged, with intent to use and pass as true, was a deed by appellant and his wife to their homestead, signed by appellant and wife and by one G. A. Tutwiler; which deed purports on its face to convey said homestead property of appellant and wife to one Mrs. Fannie B. Stirman, in exchange for property owned by said Mrs. Stirman; and said in-

dictment is insufficient and charges no offense against the law, and should have been quashed, because there is no allegation of extrinsic facts showing what interest or right G. A. Tutwiler had in and to said homestead property, or how the said instrument or deed, if genuine, could or would in any manner affect any property of G. A. Tutwiler, or anyone else other than appellant; or how the same could or would create, increase, diminish, discharge, or defeat any pecuniary obligation, or in any manner defraud anyone. White's Ann. Penal Code, p. 309; Penal Code 1895, art. 530; Womble v. State, 39 Texas Crim. Rep., 24; Cagle v. State, 39 Texas Crim. Rep., 109; Carder v. State, 35 Texas Crim. Rep., 107; Rollins v. State, 22 Texas Crim. App., 550; Anderson v. State, 20 Texas Crim. App., 597; Costly v. State, 14 Texas Crim. App., 160; Caffey v. State, 36 Texas Crim. Rep., 199; State v. Young, 46 N. H., 266; Williams v. State, 90 Ala., 649; Com. v. Baldwin, 77 Mass., 187; Reed v. State, 28 Ind., 396; State v. Briggs, 34 Vt., 502; Com. v. Hinds, 101 Mass., 210; State v. Fisher, 58 Mo., 257; Bittings v. State, 56 Ind., 104; Sherry v. State, 35 Ohio, 128; Bish. Stat. Crimes, secs. 330, 329.

Where the fraudulent tendency of the instrument does not appear from the recital or description of the instrument itself, then this must be made to appear by the averment of such additional extrinsic facts and matters as will enable the court to judicially discern the fraudulent tendency. White's Ann. Penal Code, p. 309; Cagle v. State, 39 Texas Crim. Rep., 109; Womble v. State, 39 Texas Crim. Rep., 24; Overly v. State, 34 Texas Crim. Rep., 500; Costly v. State, 14 Texas Crim. App., 160; Caffey v. State, 36 Texas Crim. Rep., 199; Carder v. State, 35 Texas Crim. Rep., 107; Morris v. State, 17 Texas Crim. App., 667; Hendricks v. State, 26 Texas Crim. App., 177; Rollins v. State, 22 Texas Crim. App., 550; Anderson v. State, 20 Texas Crim. App., 597, 599; Daud v. State, 34 Texas Crim. Rep., 460; 2 Bish. Crim. Law., sec. 545; State v. Bryant, 17 N. H., 323, 330; People v. Savage, 5 N. Y. Crim. Rep., 541; Com. v. Hinds, 101 Mass., 210; State v. Briggs, 34 Vt., 502; State v. Relb, 27 Minn., 315; People v. Wright, 9 Wend., 193; State v. Humphreys, 10 Humph., 442; State v. Martin, 9 Humph., 55; Shannon v. State, 109 Ind., 407; Whart. Crim. Law, 8 ed., sec. 696.

The indictment in this case should have been quashed, because it does not allege that the instrument set out therein and alleged to be forged had theretofore been made without lawful authority. Shanks v. State, 25 Texas Supp., 326; White's Ann. Penal Code, p. 317, sec. 907; Horn v. State, 4 Texas Crim. App., 678.

The indictment in this case should have been quashed, because it fails to allege wherein the instrument therein set out is a forgery, or by whom it was made. State v. Knippa, 29 Texas, 298.

The indictment shows on its face that the instrument therein set out was a deed by appellant and wife Fannie Johnson, to their homestead; and said indictment is defective and insufficient in that it fails to set out Mrs. Johnson's privy acknowledgment to said deed, or to allege

that the same had ever been taken in the manner required by law to pass title to the homestead, or to render said instrument set out in the indictment of any valid force or effect in law, if it had been true and genuine. Rev. Stats. 1895, arts. 635, 636; Caffey v. State, 36 Texas Crim. Rep., 199; Berry v. Long, 26 Texas, 745; Smith v. Elliott, 39 Texas, 210; Whetstone v. Coffey, 48 Texas, 278; Roode v. State, 5 Neb., 174; People v. Galloway, 17 Wend., 540.

Again, all concede that before there can be forgery by alteration of an instrument, the instrument must be complete. This deed had no vitality and was absolutely worth nothing until Mrs. Johnson signed and acknowledged it. Stallings v. Hullum, 89 Texas, 432.

The court erred in the second paragraph of its charge to the jury, which is as follows: "In order that the jury may pass intelligently on the guilt or innocence of the defendant upon the charge for which he is on trial, it is necessary that they should first find from the evidence, beyond a reasonable doubt, whether the instrument of writing that he is charged with having in his possession is an altered instrument of writing then already in existence, and therefore a forgery, and with that view in mind, the court herein gives the jury in charge the law applicable to this case." Because said paragraph, as well as the entire charge of the court following, has no application to the charge set out in the indictment in this case, because the indictment does not allege or set out that defendant had in his possession "an altered instrument of writing," but on the contrary charges him with having in his possession a certain instrument of writing (shown to be a deed), the whole of which is set out in the indictment in haec verba, and is alleged to be false and forged, not in part, but in toto. And because said charge in effect instructs the jury that any alteration of such instrument would be forgery without regard to when or how made, or even if made with authority and with no bad intention.

The charge of the court must conform to and be limited by the allegations in the indictment. Code Crim. Proc. 1895, art. 715; Tooney v. State, 5 Texas Crim. App., 192; Kennedy v. State, 9 Texas Crim App., 403; Anderson v. State, 16 Texas Crim. App., 132; Bravo v. State, 20 Texas Crim. App., 189; Ham v. State, 4 Texas Crim. App., 678.

*J. R. Storms*, District Attorney, and *Robt. A. John*, Assistant Attorney-General, for the State.—1. Articles 550 to 556, Penal Code, regarding forgery of land titles, do not change or affect the definition of forgery as contained in chapter 1, title 14, Penal Code, on the subject of forgery. Ham v. State, 4 Texas Crim. App., 667. The defendant takes the position that this prosecution should have been brought under articles 550-556, Penal Code.

2. The defendant takes the position that, the deed not having been signed by Mrs. Johnson at the time the change was made, it was not complete, and therefore could not be a forgery. In 14 Texas Criminal

Appeals, 156, it is held that if an instrument is falsely made, with intent to defraud, it is forgery, although other steps must be taken to perfect the instrument.

3. Defendant takes the position that, the deed being one that conveyed a homestead (that of J. B. Johnson and wife), Tutwiler could have no interest in said homestead; hence said deed was not one subject to forgery. But article 537, Penal Code, provides that "by an instrument which would in any manner affect property, is meant every species of conveyance which supposes a right in the person purporting to execute it, to dispose of or change the character of property of every kind, and which can have such effect." Under this proposition the evidence shows that Tutwiler had at least the "legal title" to said homestead, and certainly it "supposed" a very strong "right" in Tutwiler to said homestead.

4. The defendant's contention is, that the deed that Tutwiler had to Johnson and wife's homestead was only a mortgage, and that as ,a mortgage on a homestead is void, therefore the deed that Tutwiler signed which was altered is not subject to forgery, because it did not "affect" the said property one way or the other, said Tutwiler's interest being nothing, and his name not necessary. But that deed (even if above proposition is good) affected the property in Ozona, for it was to be deeded to Tutwiler, if the alteration of said condition had not taken place.

But the State contends that Tutwiler's interest in said Johnson homestead, without taking into consideration the question of the Ozona property, was such as to make that deed one subject to forgery. In Lassiter v. State, 35 Texas Criminal Reports, 540, it is held that an instrument in writing purporting to be a deed, but which is not witnessed nor acknowledged, is the basis of a valid contract upon which a conveyance could be enforced, and is the subject of forgery, although other steps must have been taken before the instrument would have been perfected. Following on that line, it may be well to call attention to the civil statutes with reference to conveyances, especially homesteads. Article 636, Revised Statutes, provides that the homestead of the family shall not be sold without the consent of the wife; and article 637, following, provides that "when an instrument in writing, which was intended as a conveyance of real estate, or some interest therein, shall fail, either in whole or in part, to take effect as a conveyance by virtue of the provisions of this chapter [which includes article 636] the same shall nevertheless be valid and effectual as a contract upon which a conveyance may be enforced, as far as the rules of law will permit."

In 70 Texas, 572, 72 Texas, 339 (citing 23 Texas, 589), and 28 Texas, 534, it is held that a conveyance alone signed by the husband for sale of homestead is not void. A specific performance can be had against the husband after the homestead is abandoned.

Again, in American and English Encyclopedia of Law, volume 8, page 483, it is announced as law that whenever the law simply provides

that, without certain formalities, an instrument shall not be the foundation of a suit, nevertheless such may be forged.

In 32 Texas Criminal Reports, 74, it is decided that he who signs the name of a person who has no legal capacity to make the instrument is guilty of forgery.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for having in his possession, with intent to pass, an instrument signed by G. A. Tutwiler, Fannie Johnson (wife of appellant), and appellant, conveying his homestead. The instrument is a deed in the ordinary form, including warranty clause, but unacknowledged, and purports to have been signed by all the parties on the 15th of July, 1895. The instrument "shows upon its face" that it was intended to convey the homestead of Johnson and wife to Fannie B. Stirman. The indictment does not set out the acknowledgment of any of the parties signing the instrument, nor is there an averment as to any interest that Tutwiler may have had in the homestead of the Johnsons. As set forth in the indictment, we do not believe this instrument the subject of forgery. If Mrs. Fannie Johnson was conveying the title to her homestead, it was a prerequisite to the validity of said conveyance that her privy acknowledgment should have been taken. There can be no conveyance of the homestead, so as to divest the wife of her interest in it, without her privy acknowledgment. There are no explanatory averments in the indictment as to Tutwiler's interest, and looking upon the face of it, it is not made to appear that Tutwiler had any interest in the homestead of Johnson and wife. As·we understand the decisions of our Supreme Court, the homestead can not be conveyed without the consent of the wife, and not even then unless her privy acknowledgment has been taken to the deed of conveyance. Berry v. Donley, 26 Texas, 745; Smith v. Elliott, 39 Texas, 210; Whetstone v. Coffey, 48 Texas, 278. See also Rev. Stats., arts. 636, 4621. We are therefore of opinion that the instrument, as declared upon, is not the subject of forgery.

We furthermore find that Tutwiler and appellant signed and acknowledged the instrument, and that before Tutwiler did so, he inserted the following: "And the other consideration named in this deed is that said W. A. J. Stirman and wife, Fannie B. Stirman, will convey the Stirman Hotel property, in Ozona, Texas, to G. A. Tutwiler." After this clause was inserted, Tutwiler and appellant signed and acknowledged the deed. Appellant and the notarial officer then carried it to Mrs. Fannie Johnson, to be executed by her; and, when she discovered the above clause inserted, she refused to do so, and the officer left. It was then late at night. The following morning she agreed to sign it, if said clause was eliminated, whereupon appellant erased it. She then signed and acknowledged it. Now, if there is a forgery, it is found in the fact that appellant erased from the deed the clause inserted by Tutwiler, and thus altered the instrument. If Tutwiler had any interest in the homestead, it was by reason of the fact that he and another party

had become sureties for appellant for a debt of $1200 due by appellant to other parties, and that he secured Tutwiler against loss by joining his wife in executing to Tutwiler what purported on its face to be a deed to this homestead, but which all the testimony shows was to operate as a mortgage to secure Tutwiler in the event he had to pay said security debt. The facts are further undisputed that this homestead property was also the separate property of Mrs. Fannie Johnson. This being true, it was a legal prerequisite to the conveyance of the property, whether homestead or separate property, that her privy acknowledgment be taken. Rev. Civ. Stats., arts. 635, 4621. Now, the facts demonstrate beyond question that Mrs. Johnson did not sign and acknowledge this instrument until after the clause inserted by Tutwiler had been erased. Her rights in this property, either homestead or separate, could not be conveyed, except upon her privy acknowledgment; and, when that privy acknowledgment was obtained, it was only to the instrument which she signed, and terms contained in it. She did not sign the deed executed by Tutwiler and appellant, but expressly refused to sign the same with the clause contained in it as inserted by Tutwiler. It took her signature to give validity to the original instrument. This she refused, and that signed by her was a different instrument from that signed by the others. This was not a completed instrument, and could not be, legally speaking, until after the signature and privy acknowledgment. Her conveyance of title is measured by the deed she executed, and not by one she did not execute; and, being both homestead and separate property, it was doubly necessary that her privy acknowledgment be taken before the instrument could affect either of those rights. So the instrument signed by Tutwiler and appellant was not a legal instrument, and that signed and acknowledged by the wife was not the instrument signed and acknowledged by them. Under the evidence, if there could be forgery shown, it is found in the fact that appellant erased from the deed the clause inserted by Tutwiler. This erasure is the only fact in the case which could have any possible tendency to show forgery. Now, if the instrument altered by appellant was a nullity, for want of the wife's signature and privy acknowledgment, then her subsequent signature and privy acknowledgment did not relate back, and reinsert the erased clause. So, whether or not the deed was void upon its face, the facts upon which the State relied are not set forth in the indictment; and the case made by the evidence, even if the erasure constituted forgery, does not support the allegations in the indictment. In other words, if, under the evidence, Johnson could be charged with forgery, it must be by reason of the alteration; and this alteration should have been set forth in the indictment. But, as before stated, this alteration was that of an instrument which was a nullity. Therefore it could not technically form the basis of forgery, and appellant could not be guilty of having a forged instrument in his possession, etc.

Appellant urges quite a number of other errors, but, under the view we take of the case, we deem it unnecessary to discuss them. However,

we note the fact that the whole case was submitted by the court to the jury upon the theory that the forgery was constituted by altering a genuine instrument. As before stated, there was no allegation of forgery by alteration, and this charge was therefore erroneous. The charge must conform to the allegations of the indictment. The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*