### PLEASANT B. BAILEY v. JOHN H. HEALD.

When recourse is had upon the drawer of a bill of exchange, interest (and damages, if any,) is recoverable according to the law of the place where the bill was drawn ; and in like manner, when recourse is had upon the indorser of a bill of exchange, interest is recoverable according to the law of the place where the indorsement was made.

Able v. McMurray, 10 Tex. R., 350, overruled.

Appeal from Titus. Tried below before the Hon. William S. Todd.

*M. D. Rogers*, for appellant.

*S. F. Moseley*, for appellee.

LIPSCOMB, J. This case was argued at the last Term, and an opinion delivered, affirming the judgment of the Court be-

Bailey v. Heald.

low. A rehearing, on the application of the appellant, was granted. The fact of a rehearing having been granted was overlooked by the Reporter, and he has reported the case in 14 Tex. R. 226. It has again been submitted to us on the written arguments of the parties ; and, after full consideration, we find no cause for changing the opinion then expressed. But, as the Opinion was not as full as it ought to have been, and may seem to be inconsistent with the previous rulings of this Court, in some particulars, we have thought it best to discuss the question mainly relied on for the reversal of the judgment, by the counsel for the appellant, more at large.

The draft being drawn in the State of Texas, on, and payable at, a house or mercantile firm in the city of New Orleans, State of Louisiana, the question is, shall the laws of the State of Louisiana, or Texas, within which it was drawn, regulate the liability of the drawer, and fix the rate of damages and interest to be recovered. This question is precisely the one presented in the case of Raymond. v. Holmes, 11 Tex. R. 54. The opinion we delivered discusses the question, and refers to the different rule of decision prevailing in England and the American Courts : that in the former the settled rule is, that the law of the place of the payment must govern, whilst the American Courts, by following the law of the French Code of Commerce, have been equally steady in sustaining the opposite rule, that the law of the place where the draft or bill was drawn, must govern, when recourse is had upon the drawer ; and in like manner the liability of the different indorsers are to be regulated by the law of the place where each of the endorsements may have been made. We regarded it important that uniformity of decision, on a question of so much importance to commerce, should be observed, and therefore decided that we would conform to the rule that seemed to have been so strictly sustained on this side of the Atlantic. It is therefore not important to aver or prove what was the law regulating damages, or interest, in the State of Louisiana, as the laws of this State must govern.

There has been one case decided by this Court, that is supposed to be in conflict with the opinion we have here expressed, and that is the case of Abel v. McMurray, 10 Tex. R. 350. The suit was alleged to be upon a bill of exchange, drawn by Able, on a commercial house in New Orleans, in the State of Louisiana. There was no averment of what was the legal rate of interest in Louisiana. Under the charge of the Court the jury gave a verdict for the amount of the bill and interest at the rate allowed by this State ; and upon this ground the judgment was reversed. The case was not argued or represented by counsel for the appellee, and there can be no doubt that the Court decided the case under the influence of the English doctrines of Chitty and other works by authors of the same country, on bills, without having its attention drawn to the fact, that a different rule of decision prevailed in the American Courts. Had the case been argued by counsel for the appellee, there is no doubt it would have been decided differently, and the judgment of the Court would have been affirmed.

The other cases, in which it has been supposed this Court had sustained the same doctrine as expressed in the preceding one, are altogether foreign to the point. They were all on promissory notes, where a particular place, without the jurisdiction of this Court, was expressly named as the place of payment, and the suits were brought against the makers of the note or contract. (See Cook v. Crawford, 1 Tex. R. 9 ; Burton v. Anderson, Id. 93 ; Wheeler v. Pope, 5 Tex. Id. 262 ; Andrews v. Hoxey, Id. 171.

An adherence to an erroneous opinion, formed and expressed under such circumstances, subverting the uniform doctrine of the American Courts, would manifest a fastidious regard for our own decisions, not only far from commendable, but decidedly wrong.

On the application for a rehearing, the appellant insisted that the judgment should at least be reformed, so as to strike out the interest that had been allowed according to our legal rate of interest. But according to the law as we have shown,

the plaintiff was entitled to have his interest so allowed, because the draft was made here, and it was not important to aver it in the petition, nor to prove it, being the law of our own forum. The judgment heretofore rendered in this case is reaffirmed.

Ordered accordingly.