Sloan v. Webb.

## A. M. SLOAN, ADM'R, &c. v. JAMES M. WEBB.

Where two minor children, orphans, had separate property of the value of $2493 50, it was held that they were not entitled under the statute, (Hart. Dig. Art. 1153,) to an allowance for a year's support out of the property of the estate of their deceased father; on the ground that they had separate property adequate to their maintenance, which brought them within the exception in the statute.

Appeal from Navarro. Tried below before C. M. Winkler, Esq., appointed by the parties.

Suit by appellee against appellant, administrator of Thomas E. Sloan, and guardian of his minor children, Alexander G., and Mary E. Sloan, to set aside an order of the County Court granting an allowance for a year's support, to said minors, out of the estate of said Thomas E. Sloan, their father. The petition was accompanied by certified copies of all the orders of the County Court in the premises. A jury was waived, the facts stated in the petition were admitted to be true, and thereupon judgment was rendered for the plaintiff, and order made accordingly. The facts were as follows: The mother was dead; the inventory and appraisement of the father's estate, including claims due to it, amounted to $942 32; the allowance made was $378 75; after which there was not sufficient to pay the claims against the estate, of which plaintiff held one allowed and approved; the separate property of the minor children consisted of feather bed and furniture, $35; 1 trunk and clothing, $20; 1 small trunk containing eleven books, $7; 1 side saddle, $12; 1 bay mule, $100; 1 bay horse, $25; 3 head of cattle $21; 1 shot gun, $2 50; 18 head of stock hogs, $18; 1 cotton wheel, $3; 1 negro woman aged 27 years, $700; 1 negro boy aged 11 years, $650; 1 negro girl aged nine years, $400; and one negro boy aged seven years, $500; in all $2493 50. The petition stated the above facts, but did not state that said separate property was adequate for the maintenance of said minors.

*Neblett*, for appellant. The extreme tender age of the chil-

dren and the amount of their separate property show that it is not adequate to their support and education; and it is not even alleged in the petition to be sufficient.

*R. Q. Mills,* for appellee.

WHEELER, J. The statute (Hart. Dig. Art. 1153) is too plain and explicit to admit of doubt or question. It declares that when the widow and children have separate property adequate to their maintenance, the allowance provided for that purpose shall not be made. The present was a case plainly within the prohibition. The judgment is affirmed.

Judgment affirmed.