## JAMES GRAY V. WILSON Y. McFARLAND.

A suit against an administrator and his sureties, for an amount ordered to be paid to a creditor by the probate court, is not a proceeding to establish an original debt.

The authority of the county court to order money paid to a creditor is conferred by the plain language of the statute. (Paschal's Dig., Arts. 1341, 1389, Note 524.)

The order of the county court upon an administrator to pay an allowance to a creditor is a conclusive and binding judgment upon the parties and their privies, as to all points directly involved and necessarily determined· by it. (Paschal's Dig., Art. 1341.)

The failure of the administrator to pay according to the order of the county court renders him immediately and primarily liable for the amount of damages sustained by the creditor.

A plea of payment must plainly and distinctly set forth the dates and facts of the payment, and if the defendant aver that he paid in notes, it must be stated that the notes were accepted or the money has been realized. (Paschal's Dig., Art. 3444, Note 795.)

ERROR from Washington. The case was tried before Hon. ROBERT E. B. BAYLOR, one of the district judges.

The facts and proceedings in this cause are as follows: McFarland, as plaintiff below, brought his suit against R. Antry, C. J. C. Lockhart, and James Gray, alleging, that Antry was administrator of Arah Harris, deceased, by appointment from the county court of Washington county, and that Lockhart and Gray were the sureties of Antry on the administration bond, a copy of which was appended to the petition.

The petition further alleged, "that said estate being greatly indebted to the plaintiff, he, after due course of proceeding, obtained an order of said county court requiring Antry, as administrator, to pay petitioner the sum of $235. A copy of this order is set out in the petition.

He alleged further, that on the 3d day of August, 1858, and on divers other days, petitioner presented his claim against said estate to Antry for payment, and that Antry, disregarding the order of the county court, and contrary

to his duty as administrator, has refused to pay the said sum of money, which is still due; whereby he has committed a breach of his bond.

Prayer for judgment against the defendants for the debt and ten per cent. damages per month from date of the demand.

Antry and Gray filed a general demurrer.

The petition was amended, by withdrawing the claim for ten per cent. per month, and alleging the insolvency of Antry at the date of the order of the county court. Antry having died after suit, it was abated as to him, and dismissed as to Lockhart, on whom process had not been served, and the case proceeded against Gray alone. Gray demurred generally and specially to the petition as amended, and the demurrer was overruled. Gray also plead payment of the demand by Antry, and a general denial. Plea of payment excepted to, and exceptions sustained.

The evidence offered on the trial was by the plaintiff alone, and consisted only of the administration bond and a certified copy of the order of the county court.

The court, at plaintiff's request, charged the jury to "find for the plaintiff the amount of the judgment sued on, with interest at eight per cent. from its rendition."

The court refused all instructions asked by the defendant. Verdict of the jury for the amount of the judgment sued on, with interest, and judgment accordingly.

Motion for new trial by Gray overruled, and he prosecutes this writ of error.

Plaintiff in error assigns the following as the errors in the cause: The overruling of the demurrer to the petition; the sustaining the exceptions to the plea of payment; in the instructions to the jury, in refusing the instructions asked by the defendant; the admission of the order of the county court as evidence for plaintiff; the refusing of a new trial; and the verdict and judgment being rendered alone upon the judgment or order of the county court.

*Horton & Ewing*, for plaintiff in error.—It is evident that the suit was founded upon the order or judgment of the county court.

Gray, the security, not having been a party to that order or judgment, was not bound by it, or in anywise affected by it. There was no mode known to the law by which he could have been made a party to the proceeding in the county court, and he was not, therefore, affected by the judgment rendered thereon.

No person is bound by any judgment or decree to which he has not been made a party in some of the modes known to the law. (McCoy v. Crawford, 9 Tex., 353, and cases there cited.)

The judgment not having any binding force against Gray, there was no cause of action alleged against him in the petition, and the demurrer should have been sustained.

The petition does not show that the plaintiff was the owner or holder of a claim against the estate of Harris, which claim had been allowed by the administrator and approved by the chief justice. Without this allowance and approval the plaintiff's claim had no judicial standing in any court. (Danzey v. Swynney, 7 Tex., 617.) There could, therefore, be no breach of the bond as to the claim of the plaintiff against the estate.

There was no allegation that Antry had, as administrator, ever received into his possession any property belonging to Harris' estate, or that he had failed to account for property so received, or that he had failed to obtain property of the estate when he had it in his power to do so; and unless it appeared affirmatively that the administrator had thus been in default in the one particular or the other, there could be no breach of the bond.

This court can only presume in favor of the validity of the county court's order, but it most assuredly will not hold, that inserting a copy of that order in the petition shall stand in place of an allegation of nearly all the material

· facts which go to constitute a breach of the bond, especially as this order or judgment of the county court had no binding effect upon the securities on the bond.

The plea of payment was good. The object of all pleading is to put the opposite party upon fair notice of the facts relied on as the cause of action or the ground of the defense. This the plea does. The want of a specification of the time of payment was no valid objection to the plea. If it had been a general plea of payment, under which proof only of a payment in money could have been offered, a statement of the time of the payment might have been necessary. But this was a plea of special payment, made in a particular mode and manner, to which the proof would have been strictly confined, and it is not reasonable to suppose that more than one such transaction as that set out in the plea could have taken place between the parties, and stating the time of the transaction would not have afforded the plaintiff any additional notice of the facts intended to be relied on to show the payment alleged. We think the plea good, under the rules laid down in Wells v. Fairbanks, 5 Tex., 582.

The court below and plaintiff's attorney seem to have proceeded upon the idea, that the judgment or order of the county court was of legal and binding efficacy against Gray, the only remaining defendant in the cause, and afforded a good and valid cause of action against him. This we have already seen was an error. The plaintiff did not show that the estate of Harris was indebted to him in any sum. The judgment of the county court was no evidence of such indebtedness. (Francis v. Northcutt, 6 Tex., 185.)

At the time of the trial, this judgment or order of the county court was of no validity against any party, because the party affected by it was dead, and it could not be revived against his administrator. Nor was this judgment or order ever of any effect (according to the proof offered on the trial) even as against Antry, the administrator,

because no demand had ever been made upon him for a compliance with the order of the county court. (O. & W. Dig., Arts. 796 and 835.) These two sections of the statute clearly indicate that no active steps can be taken to enforce such an order of the county court until the money has been demanded after the rendition of the order.

The breach of the bond (if the suit is to be considered as having that foundation) was not proved, as said. The refusal of the administrator to pay the money, after it was demanded under the order of the county court, is assigned as the breach of the bond; at least, that is a material allegation in the assignment of the breach. But there was no proof of such a demand; and it cannot be said that the allegation of a demand of the money was mere surplusage, or an immaterial allegation, which did not need to be proved.

The sureties on such bonds are never notified from the county court of any proceedings by or against their principals in that court. And whilst the sureties are bound for the malfeasance of their principal, still they have the right to suppose that parties holding claims against the estate will pursue the ordinary remedies which the law gives to enforce payment out of the property of the estate.

The plaintiff alleged the insolvency of the administrator at the date of the order of the county court, and this doubtless with a view to excuse the plaintiff for not making a demand under the order of the county court. But this was mere allegation, without proofs; and, even admitting the allegation to be true, it made the negligence and want of diligence on the part of the plaintiff all the more inexcusable, for he had suffered the administrator to waste not only the property of the estate he administered, but also his own estate, without any act on the part of the plaintiff, for eight or nine years, to obtain payment of his demand against the estate of any demand he in fact had.

*Sayles & Bassetts*, for the defendant in error.—The defend-

ant in error, who was plaintiff in the court below, brought suit against Antry, administrator of Harris' estate, and Lockhart and Gray, sureties on his bond. The petition alleges and the proof shows, that on the 4th day of May, 1858, Antry was ordered by the county court of Washington county to pay immediately to W. Y. McFarland the sum of $235, with interest at eight per cent. per annum; that the defendant, Gray, was surety on his bond, and that the money had not been paid.

The statute (O. &. W. Dig., 784, 785 and 786) authorizes the county court to order an administrator immediately to make payment of all claims established against the estate, upon proof that he has sufficient funds in his hands, and authorizes execution against the administrator in favor of the person to whom money has been ordered to be paid, (O. & W. Dig., 835,) and authorizes a suit for damages upon the amount he shall so neglect to pay, at the rate of ten per cent. per month. (O. &. W. Dig., 796.) In the present case, the claim for damages was waived.

No objection was made to the mode in which the judgment of the county court was established, and that judgment is conclusive and binding upon the parties and their privies, as to all points directly involved and necessarily determined by it, and it matters not whether the tribunal rendering it be clothed with limited or general powers. (Foster v. Will, 4 Tex., 101; Weathered v. Mays, 4 Tex., 378; Tadlock v. Eccles, 20 Tex., 782; Hatch v. Garza, 22 Tex., 176; Bertrand v. Bingham, 13 Tex., 367.)

It cannot be seriously questioned, that the securities on the administration bond are concluded by the judgment of the probate court. That judgment imposed a certain duty on the administrator, to wit, to pay over money in his hands, and the breach of the bond, assigned as the gravamen of the action, is the failure to pay the money.

MOORE, C. J.—This suit is not to be regarded as an

action against the administrator of Harris, and the sureties on his bond, to establish a claim against said Harris' estate, or to subject effects in his hands in a fiduciary capacity, to the payment of the plaintiff's demand. The cause of action set forth in the petition is the failure of Antry, in not paying the money claimed, as ordered by the county court, to keep the conditions of his bond, as administrator, by well and truly performing the duties required of him by law as such administrator. The authority to give the order in question is conferred upon the county court by the plain language of the statute. This order therefore is a conclusive and binding judgment upon the parties and their privies as to all points directly involved and necessarily determined by it. It absolutely determines appellee's right to payment of the amount mentioned in the order, out of money belonging to said estate then in said Antry's hands, and it impressed upon him the duty as such administrator of its immediate payment. His failure to comply with the obligation imposed by this order upon him made his sureties immediately and primarily liable for the amount of damages appellee sustained by this breach of the conditions of the bond.

The exceptions to the plea of payment were properly sustained. Said plea is vague, uncertain, and indefinite. It does not show at what time the payment was made which it seeks to set up; whether before or after the judgment of the county court, upon which appellee sues. Nor is it averred that appellee ever accepted in payment the notes with which it is alleged to have been made, or, in fact, that anything was or could have been realized from them.

There is no error in the judgment, and it is therefore

AFFIRMED.