Reformed and rendered.

MARY BAKER, ADMINISTRATRIX, v. RUST AND BETTS, ADMINIS-
TRATORS.

1. B., a physician, presented to the administrators of H., deceased, an account for medical services rendered to Mrs. H., subsequent to the death of her husband. The account was allowed by the administrators, and the allowance approved by the probate judge, and a large portion of the account actually paid. Subsequently the administrators filed a petition in the District Court to have the allowance set aside. The petition contained general allegations of fraud and mistake of law and fact, but failed to set out facts from which either fraud or mistake could be inferred. *Held*, that the general and indefinite allegations of fraud and mistake, without the facts from which either could be inferred, gave the court no jurisdiction of the case, and it therefore erred in interfering with the allowance of the probate court.

2. The allowance by the probate court of an account against the estate of a deceased person is a *quasi* judgment, and cannot be collaterally impeached. Nor can it be impeached by the administrators for fraud or mistake. (Eccles *v.* Daniels, 16 Texas, 139, cited by the court.)

3. An account for medical services rendered to a widow is not a charge against her deceased husband's estate; but she is herself a preferred creditor of the estate to the extent of a year's maintenance, and such other allowances as the law gives her, and one who furnishes her with necessaries, and thus becomes her *bona fide* creditor, will, on her death, be substituted to her rights against the estate of her deceased husband.

4. An allowance of a medical account by the probate court will not be set aside by this court on account of its magnitude, in the absence of any facts going to show that the account was fraudulent or extortionate.

APPEAL from Wharton. Tried below before the Hon. Wm. H. Burkhart.

The opinion states the facts.

*Pease & Turner*, for the appellant.

*Robards & Blackburn*, for appellees.

WALKER, J. Rust and Betts are the administrators of the estate of Isaac Hardy, deceased.

Mrs. Baker is the administratrix of the estate of her deceased husband.

After the death of Hardy, his widow appears to have been in delicate health, requiring a great deal of medical attention. The deceased husband of the appellant attended her for about the period of ten months, charging for his services what may or may not have been reasonable professional fees; but the facts in the case would lead to the conclusion that the fees claimed were very high. His bill was made out, presented to the administrators of Hardy's estate, by them allowed, and afterwards approved by the probate judge; and it would seem about seven hundred dollars of the amount so allowed was actually paid.

The administrators now seek to set aside the allowance, alleging that it was obtained by fraud and mistake. They allege in their petition that the bill allowed was for medical services rendered Mrs. Hardy before her death. The allegations of fraud, and mistake of law and fact, are very general,

and the facts are not set out from which either fraud or mistake are to be inferred.

On the hearing of the cause, a jury was waived, and the court affirmed the allowance to the extent of what had been paid, cancelling so much as remained unpaid.

Dr. Baker died pending the suit, and his widow prosecutes as administratrix. We are unable to gather from the record whether the property left by Hardy at his death was community property or not. He left a considerable estate, which, nevertheless, appears to be insolvent.

No allowance was made to Mrs. Hardy of a homestead, a year's support, or any other property, so far as we can learn from the record. It is claimed by counsel for appellant, that no such allowance was ever made to her ; she died in less than a year after the decease of her husband. The heirs, not the creditors, are complaining in this suit. We do not think there was any foundation laid for this action, if there was fraud or mistake in allowing the claim. The administrators do not show but that they were equally involved, in the fraud, with the party who presented the claim. The allowance by the probate court was a *quasi* judgment; it could not be collaterally impeached, and the attempt to impeach it for fraud or mistake cannot be made by the administrators. (See Eccles *v.* Daniels, 16 Texas, 139.)

It is very true that services rendered Mrs. Hardy were not properly, and in the ordinary way, a charge against her husband's estate ; but she was herself a preferred creditor of the estate, at least to the extent of her year's maintenance and such other allowances as the law gave her ; and in the event of her death, one who had furnished her necessaries and become her creditor *bona fide*, would have a right in equity to be substituted to her rights against the estate of her deceased husband.

It is very true, a bill amounting to over one thousand six hundred dollars for medical services rendered to one person, within the space of ten months, appears strongly tainted with

unfairness and extortion, but it is impossible for us to say with clearness that such is the fact; nor have we any grounds upon which to declare the allowance an unfair or fraudulent one, had we jurisdiction in the case to interfere with the allowance. We do not think the District Court had jurisdiction in this case. The general and indefinite allegation of fraud and mistake, without the facts from which either could be inferred, or proof to establish them, would not give the court jurisdiction.

We are of opinion that the District Court erred in attempting to interfere with the allowance or judgment of the probate court. The judgment is therefore reversed, and the cause dismissed.

Reversed and dismissed.