·In re MAYS' ESTATE.

### MAYS et al. v. MAYS.

### No. 2142.

Court of Civil Appeals of Texas. Beaumont. Nov. 20, 1931.

Rehearing Denied Nov. 25, 1931.

Adams & Hamilton, of Jasper, and Smith, Smith, Huffman & Boyd, of Beaumont, for appellants.

Lewis Lanier, of Jasper, and Minton & Minton, of Hemphill, for appellee.

WALKER, J.

In this appeal appellee is the surviving widow of John Mays, deceased, who died intestate the 6th day of November, 1929. Appellants are the surviving children of the deceased by a former marriage. On the 12th day of November, 1929, John H. Seale was appointed temporary administrator of the estate, and the appointment was later made permanent. The 7th day of November, 1930, appellee filed her application in writing for an allowance in lieu of the statutory exemptions. Appellants duly filed their contest. On a hearing the allowance was made, as prayed for, and on appeal to district court appellee was again granted her allowance in the sum of $500. From that order appeal was perfected to this court.

The estate of the deceased was safely solvent. The administrator testified that none of the following articles were found among the effects of the deceased: "Lot or lots in a cemetery held for the purpose of sepulture: implements of husbandry; tools, apparatus and books belonging to any trade or profession; five milk cows and their calves; two yoke of work 'oxen, with necessary yokes and chains; two horses and one wagon; one gun, twenty hogs; twenty head of sheep; saddles, bridles, and necessary harness for the use of the family; provisions and forage on hand for home consumption;" further, that the business of the deceased was "building rent houses and collecting rent," and in his business he did not need the articles as listed above, and further: "Mr. Mays did not use any saddles, bridles and necessary harness for the use of the family during the latter years of his life. I should say that his wife did not need anything like that after he died to carry on the family. As to 'provisions and forage,' I don't know anything about what they had on hand like that. I do know that they didn't have enough of that on hand to last for a year. In the ·absence of any animals, I know that they didn't need any forage;" and further that Mr. Mays was buried in the old cemetery of Jasper, where burial lots were free.

The articles listed above as not being among the effects of the deceased are a part of the articles reserved to every family by article 3832 as exempt from execution. Article 3485 provides that at the first term of the court, after an inventory, appraisement, and list of claims have been returned, all property of the estate exempt by law from execution shall be set apart for the use and benefit of the widow and minor children and unmarried daughters remaining with the family of the deceased. Article 3486 is as follows: "In case there should not be among the effects of the deceased all or any of the specific articles so exempted, the court shall make a reasonable allowance in lieu thereof, to be paid

to such widow and children, or such of them as there may be, as hereinafter directed."

Article 3487 provides that the allowance in lieu of the homestead shall in no case exceed $5,000, and the allowance for other exempt property shall in no case exceed $500, exclusive of the allowance provided in the preceding chapter. By article 3476 of the preceding chapter it is provided that the court shall fix an allowance for the support of the widow and minor children of the deceased. Article 3477 provides that such allowance shall be of an amount sufficient for the maintenance of such widow and minor children for one year from the time of the death of the testator or intestate.

■ In assigning error against the judgment appealed from, appellants assert that an allowance in lieu of exemptions as contemplated by article 3486 is an allowance "in lieu of such articles as the deceased would ordinarily have and require in the business, profession or occupation in which he was engaged and in the station or circle in which he lived at the time of his death"; and since, under the evidence, none of the articles listed as missing from the effects of the deceased were required by him in his business, appellee was not entitled to the allowance. This proposition is not a correct construction of this article. The conditions of this article are clear and unambiguous. If the listed articles are not found among the effects of the deceased, then the persons named in article 3485 are entitled to the allowance. The only issue vested by law in the discretion of the court is the amount of the allowance, which must be "reasonable," and not to exceed $500. Since the right to the exemptions under article 3832 is not determined by the character of the business of the deceased but is "reserved to every family," so the right to the allowance under articles 3485, 3486, and 3487 is not determined by the character of the business of the deceased, but is vested absolutely in the widow, minor children, and unmarried daughters remaining with the family of the deceased. The allowance is absolute, and must be made, especially when the parties entitled thereto make their appearance in court and claim it. Connell v. Chandler, 11 Tex. 249; Cooper v. Pierce, 74 Tex. 526, 12 S. W. 211.

■ Whatever may have been the rights of appellee generally to the allowance, appellants insist that she waived it by not filing her claim therefor at the first term of the court after the return of the inventory, appraisement, and list of claims. This contention is denied. While article 3485 provides that the exempt property shall be set apart or the allowance made at the first term of court after return of the inventory, appraisement, and list of claims, there is no provision that this order cannot be made at a subsequent term. We think Judge Wheeler's

discussion of this statute in Connell v. Chandler, supra, is decisive against appellants' proposition: *

"The statute makes it the duty of the Chief Justice of the county * * * to set apart, for their [widow and children] use, the property exempt from execution or forced sale, at the first Term of the Court after an inventory and list of claims has been returned. * * *

"The law, in its terms, makes the duty absolute and imperative, and fixes the time of its performance. No formal application, therefore, is necessary, to render it obligatory upon the Chief Justice, to make the prescribed provision."

■ Because the estate of the deceased was solvent, appellants further insist that there was no necessity for the allowance and no authority in law to support it, and, on this same ground, the proposition is made that appellee had no right to the allowance under article 3486, but only to an allowance for a year's support under article 3477. The solvency or insolvency of the estate is not an issue in determining the right to an allowance under article 3486. The only question before the court under this article is the existence of the exempt articles. If they are not found among the effects of the deceased, then the widow, minor children, and unmarried daughters remaining with the family of the deceased are entitled to this allowance.

■ Appellants further insist that the allowance to the surviving widow, in lieu of exempt property, "contemplates an allowance to the extent of the reasonable market value of such exempt articles not found among the effects of the deceased and not to exceed $500.00." There is no merit in this contention. We know of no rule of law fixing the market value of an article that does not exist. At the time of his death, the deceased did not own any of the listed articles. How could the court, under any rule of law, judge their value? The market value of such articles as cemetery lots, implements of husbandry, tools, books, milk cows and calves, work oxen with their yokes and chains, horses and wagons, guns, hogs, sheep, saddles, bridles, and harness, etc., is determined by the character of such property. The amount of the allowance is not to be determined by the market value of such missing articles as the deceased would probably have owned but by the particular circumstances of each case. Mabry v. Ward, 50 Tex. 404; Terry v. Terry's Estate, 39 Tex. 310. The amount of the award, as above stated, is vested by law in the discretion of the court, to be determined from circumstances of each case, the amount to be reasonable and not to exceed $500. Appellee was entitled to an allowance, and, under the facts of this case,

the trial court did not abuse his discretion in awarding her the $500. The judgment of the lower court is affirmed.

Affirmed.