**FIRST NAT. BANK IN ORANGE v. MACFARLANE.**

No. 3974.

Court of Civil Appeals of Texas. Beaumont.
March 6, 1942.

Rehearing Granted in Part March 25, 1942.

Williams, Lee, Kennerly & Cameron, Alan B. Cameron, and Irl F. Kennerly, all of Orange, for appellant.

C. W. Howth, of Beaumont, and V. H. Stark, of Orange, for appellee.

O'QUINN, Justice.

A. C. MacFarlane died September 18, 1940, insolvent; September 23, 1940, his widow, Mrs. Belle P. MacFarlane, was appointed temporary administratrix of his estate, appointment made permanent 15th of October, 1940. From the 28th of September, 1940, through October 26, 1940, the administratrix paid claims against the estate amounting to the sum of $6,029.49. These payments were made: (a) without

the authentication required by Art. 3514, Revised Civil Statutes of Texas 1925, (b) without the administrator's endorsements as required by Art. 3516, (c) without presentation to the county clerk and entry upon the claim docket as required by Art. 3518, (d) without approval and classification by the county court as required by Art. 3519, and, of course, (e) without any court action being entered upon the claim docket or indorsed upon any claim in accordance with Art. 3520, and, in fact, (f) without a bill, claim or other written evidence of any of said 43 claims being even filed in or presented to the county court. The administratrix filed an inventory, appraisement and list of claims, listing the claims she had paid. On the 22nd of November, 1940, the County Court of Orange County, Texas, entered its order approving, ratifying and confirming the action of the administratrix in paying all of said claims listed in said inventory, appraisement and list of claims and classifying all of said claims excepting claims for the funeral and the expenses of the last illness as second class claims, no written application was made to the court by the administratrix for the approval and ratification of the payment made by her but the order was entered on the oral application of the administratrix and her attorneys. On the 22nd day of November, 1940, certain of the claims referred to by the administratrix in her list of claims were approved by her and filed by the clerk of the county court. The affidavits accompanying these claims did not include the statement that they were just and that all legal offsets, payments, and credits known to the affiant had been allowed. None of these affidavits were executed prior to November 20th; the claims appeared on the claim docket for the first time on November 22nd. On November 22, 1940, the administratrix for the first time affixed her affidavit to the previously filed and approved inventory, appraisement and list of claims, swearing, among other things, "that all of the claims & debts paid were just and true & due & owing by the estate & that all offsets & credits had been recovered, if any existed." On the 22 of November, 1940, the county court made and entered its order setting aside to the widow of the deceased as exempt an automobile "in lieu of horses, carriages and buggies," and awarded her $1,000 in cash for one year's support, in lieu of certain "non-existing exempt personal property," and to finish the construction of her homestead. On the 22 of November, 1940, appellant, First National Bank in Orange, filed in the county court its contest against the inventory, appraisement and list of claims, listing the 43 claims as paid, and against the allowance made to the widow; appellant alleged its interest in the estate as being the holder of an approved third class claim in the sum of $59,103.26, with interest from the 18th of September, 1940. Both of appellant's contests were overruled, and appellant prosecuted separate appeals to the district court. On trial in district court the two appeals were consolidated and judgment was entered to the following effect, ratifying the payments made by the administratrix:

"The court is further of the opinion and so finds that each of the claims set out in the list of claims returned with the inventory and appraisement of said estate are claims which are just and true, due and unpaid by said estate and that all just and lawful credits and offsets to which same were entitled had been allowed before their payment and that all of said claims fall in the first and second class and that all of said claims except those for funeral expenses and the expense of the last sickness of deceased were and are expenses of administration and expenses incurred in the preservation, care, management and safe keeping of said estate, and in the prosecution and completion of contracts which the deceased had made and which were partly performed and uncompleted at the time of his death. This court is further of the opinion and so finds that no good purpose would be served in requiring the said above mentioned claims to be made out in writing, sworn to, approved by the court and filed on the claim docket and classified before the same could be paid by the administrator. It is further ordered adjudged and decreed by the court that action of the administrator in paying each and all of the claims listed in said inventory, appraisement and list of claims be and the same is hereby in all things ratified, approved and confirmed, and all of said claims excepting those for funeral expense and expense of last sickness are hereby classed as second class claims."

The widow was allowed $1,000 for support and in lieu of exempt property; she was allowed nothing for the completion of her home.

 Appellant contends that under the provisions of Articles 3514–3521, R.C.S.

1925, the orders of the district court ratifying and approving the payment of the 43 claims by the administratrix was void. This proposition is overruled. Appellant had no standing in court except on the showing that the payment of these claims by the administratrix was to its injury. The district court had jurisdiction, notwithstanding the provisions of the articles cited by appellant, to enter the order approving the payments made by the administratrix. Jones v. Gibbs, 133 Tex. 627, 130 S.W.2d 265, 270; Trammell v. Blackburn, 116 Tex. 388, 292 S.W. 169; Lockhart v. White, 18 Tex. 102.

As an alternative proposition, appellant contends that the following finding of the lower court is without support in the evidence: "* * * that each of the claims set out in the list of claims returned with the inventory and appraisement of said estate are claims which are just and true, due and unpaid by said estate and that all just and lawful credits and offsets to which same were entitled had been allowed before their payment and that all of said claims fall in the first and second class and that all of said claims except those for funeral expenses and the expense of the last sickness of deceased were and are expenses of administration and expenses incurred in the preservation, care, management and safe keeping of said estate, and in the prosecution and completion of contracts which the deceased had made and which were partly performed and uncompleted at the time of his death."

[redacted] We sustain this assignment. Appellee offered no evidence that the 43 claims paid by her were just and true, that they were due and unpaid, and that all just and lawful credits and offsets to which they were entitled had been allowed before their payment, and that all of said claims were first and second class claims. The trial in the district court was de novo, and to support her credits the administratrix rested under the burden of showing that she had done no injustice to appellant, holding a third class claim, by paying the 43 claims.

Mays v. Mays, Tex.Civ.App., 43 S.W.2d 306, supports the judgment of the district court making the allowance to the widow.

It follows that the judgment of the lower court must be reversed and remanded in part, and affirmed in part, and wherein affirmed that it be certified to the county court by the district court for due observance.

*Affirmed in part, and in part reversed* and remanded.

On Rehearing.

[redacted] The lower court adjudged that appellee was "*entitled to an allowance* of $1,000 to be paid out of the funds of said estate as an allowance for one year's support of herself, and in lieu of non-existing exempt personal property." It thus appears that the allowance of $1,000 to appellee was (1) for one year's support, and (2) "in lieu of non-existing exempt personal property." On the undisputed evidence, appellee has as her separate property $6,400 in cash, and certain other property. It is our conclusion that under Art. 3478: "No such allowance shall be made for the widow when she has separate property adequate to her maintenance; nor shall such allowance be made for the minor children when they have property in their own right adequate to their maintenance," appellee was not entitled to an allowance for one year's support.

[redacted] Appellant insists that appellee was not entitled to an allowance "in lieu of non-existing exempt property," on the ground that "by the very terms of her written application as filed in the county court she excluded herself from any allowance for exempt articles not found among the effects of the deceased." The most that can be said in support of this contention by appellant is that her application was subject to the construction that she did not claim the allowance for non-existing exempt property. In Mays v. Mays, cited in the original opinion, construing Articles 3485, 3486, and 3487, we quoted with approval from Connell v. Chandler, 11 Tex. 249, the following proposition:

"The law, in its terms, makes the duty absolute and imperative, and fixes the time of its performance. No formal application, therefore, is necessary, to render it obligatory upon the Chief Justice, to make the prescribed provisions." [43 S.W.2d 306, 307.]

So, it is our conclusion that the court did not err in awarding the allowance to appellee in lieu of non-existing exempt property.

[redacted] We sustain the following proposition advanced by *appellant on rehearing*: "Having decided that appellee, under and by virtue of Articles 3485, 3486 and 3487,

Revised Civil Statutes of Texas, 1925, is entitled to an allowance for exempt articles not found among the effects of the deceased, this Court should have reformed the lower court's judgment so as to reduce the amount of such allowance from $1,000 to $500 as required by Article 3487; and this Court erred in not so doing."

It is therefore our order that appellee be awarded nothing as an allowance for one year's support, and on appellant's second assignment of error copied above, that she be awarded $500 in lieu of non-existing exempt property.

Appellant's motion for rehearing granted in part, and in part overruled.