Charles H. NOBLE, Jr., Appellant,

v.

Maureen Melba NOBLE, Appellee.

No. 16535.

Court of Appeals of Texas,
San Antonio.

June 30, 1982.

Walter C. Wolff, Jr., Howard H. Hasting, Robert C. Patterson, San Antonio, for appellant.

Frank D. Masters, San Antonio, for appellee.

Before CADENA, Chief Justice, KLINGEMAN and ESQUIVEL, JJ.

OPINION

CADENA, Chief Justice.

Appellant, Charles H. Noble, Jr., complains of the action of the court below in granting the application of appellee, Maureen Melba Noble, for a widow's allowance. Appellee, the second wife of decedent, married decedent about one year before his death. Appellant is decedent's son by a prior marriage.

The pertinent statutory provisions relating to the award of an allowance to a surviving spouse are found in sections 286–288 of the Probate Code.[1] Sections 286 and 287 provide that the court shall fix an allowance for the support of the surviving spouse of a decedent in an amount sufficient for the maintenance of the surviving spouse for one year from the death of the testator or intestate. In fixing the amount of such allowance, Section 287 directs the court to consider the facts and circumstances then existing and those anticipated "to exist during the year after such death."

1. All statutory references are to Tex.Prob.Code    Ann. (Vernon 1980).

Section 288 provides that no such allowance shall be made for the surviving spouse "when the survivor has separate property adequate to the survivor's maintenance; . . . ."

Appellant's contention that appellee is precluded from claiming a widow's allowance because she has elected to take under decedent's will is without merit.

■■■ The doctrine of election, as applied to wills, imposes on a devisee or legatee an obligation to choose between inconsistent or alternative rights or claims where the testator did not intend that such devisee or legatee should enjoy both rights or claims. *First City Bank of Houston v. Toombs*, 431 S.W.2d 404, 407 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.). In this case, the will of decedent contains no hint of an intention on testator's part that appellee's acceptance of benefits under the will shall preclude her from claiming the statutory allowance in favor of a surviving spouse. *Lieber v. Mercantile Nat'l. Bank*, 331 S.W.2d 463, 465 (Tex.Civ.App.—Dallas 1960, writ ref'd n.r.e.). Appellee's acceptance of the testamentary provisions in her favor is not in any way inconsistent with her claim to the statutory allowance. There is nothing in the record which suggests that appellee's claim of an allowance would tend to "disappoint the will." *Wicker v. Rowntree*, 185 S.W.2d 150, 153 (Tex.Civ.App.—Amarillo 1945, writ ref'd w.o.m.).

■■■ We agree with appellant's contention that, under the facts of this case, the court erred in granting appellee's application for an allowance.

Although appellee testified that she required $1,027.36 per month, or $12,328.32 a year, for her reasonable maintenance and support, the trial court found that $952.30 per month was sufficient to provide for her necessary and reasonable needs. This means that $11,427.60 would be sufficient to provide for her maintenance for one year.[2]

The trial court found that appellee had an income of $6,840.00 per year, consisting of Social Security benefits, an annuity and interest on her savings. The findings concerning appellee's needs and her income formed the basis for the granting of a lump-sum allowance of $4,588.00.

According to the trial court's findings, appellee owned, as her separate property, her home (acquired by her prior to her marriage to decedent), $35,893.04 in savings, a $5,000.00 treasury bill and 29 acres of land located in East Texas. Although there is no evidence concerning the value of the home or the value of the additional 29 acres of land, appellee clearly owned separate property in excess of $40,000.00. In determining appellee's right to an allowance, the trial court considered only appellee's expenses and income, and completely ignored the fact that she owned separate property more than adequate to provide for her maintenance for one year.

We are mindful of cases, such as *In re May's Estate*, 43 S.W.2d 306, 307 (Tex.Civ. App.—Beaumont 1931, writ ref'd), which declare that the amount of a surviving spouse's allowance is determined by judicial discretion according to the circumstances of each case. *See also Gonzalez v. Guajardo de Gonzalez*, 541 S.W.2d 865 (Tex.Civ.App. —Waco 1976, no writ). While all judicial determinations must be based on the circumstances of each case, they must also be based on the law applicable to each case. It cannot be seriously argued that a court's discretion is ever broad enough to justify disregarding clear and unequivocal statutory mandates. Section 288 of the Probate Code, in simple and unambiguous language, not only requires that a court consider the separate property owned by the surviving spouse as one of the "circumstances" of each case, but also makes such circumstance decisive when such separate property is adequate to the survivor's maintenance. Where, as here, the survivor owns separate property adequate to provide maintenance

---

2. The trial court's findings of fact contain the statement that the amount required for appellee's maintenance for one year is $11,482.00.

This is an obvious error since the result of multiplying the monthly needs ($952.30) by 12 is $11,427.60.

for the survivor for a period of one year, the statutory mandate clearly requires that the application for an allowance be denied. Given that fact, it is idle to speak of a court's discretion.

 Section 288 has been construed to require that the allowance fixed for a surviving spouse be determined with reference to the condition of the whole property of decedent during the first year after death and with reference to the necessities of and the circumstances to which the widow was accustomed to have during the lifetime of her husband. *Pace v. Eoff*, 48 S.W.2d 956, 960 (Tex.Comm'n App.1932, judgment adopted); *Kennedy v. Draper*, 575 S.W.2d 627, 629 (Tex.Civ.App.—Waco 1978, no writ); *Ward v. Braun*, 417 S.W.2d 888 (Tex. Civ.App.—Corpus Christi 1967, no writ). In none of these cases is there a finding concerning the adequacy of the widow's separate property for her maintenance. A statute that states that a widow must be denied an allowance if she owns separate property adequate to her maintenance cannot possibly be construed to require that the determination concerning the granting of an allowance be made by considering only the condition of decedent's property and the widow's needs and lifestyle, without reference to the amount of separate property owned by the widow. Neither *Pace, Kennedy* or *Ward* indicate that the amount of separate property owned by the surviving spouse is to be ignored, since a realistic consideration of the "needs" of the survivor cannot overlook the assets separately owned by such survivor. If these three cases in fact hold that Section 288 does not require the court to both consider the separate property owned by the survivor and deny an allowance if such property is adequate to the maintenance of such survivor, then the manner in which they "construed" Section 288 is patently erroneous and cannot be accepted.

The trial court in this case considered only appellee's needs and income. There is nothing in the record to suggest that applying the provisions of Section 288 to appellee would work any hardship on her or reduce her to penury. Under these circumstances, the trial court's conclusion that appellee should not be required to use her separate property for her maintenance ignores the mandate of Section 288. Based on the record in this case, the court's conclusion is purely gratuitous. Section 288 makes it clear that the purpose of providing an allowance for the surviving spouse is to furnish a remedy in those cases where the survivor is left without any financial support during the year following the death of a spouse.[3] This is not such a case.

The judgment of the trial court is reversed and judgment is here rendered denying application for an allowance.

3. Historically, the purpose of allowance statutes was to protect the widow. The historical background of allowance statutes is discussed in *Pace v. Eoff*, 48 S.W.2d 956, 960 (Tex. Comm'n.App.1932, judgment adopted). Apparently, no Texas court has considered whether the significant reduction of the husband's right to manage, control and dispose of all of the community estate, with the exception of the homestead, should have any effect on the manner in which such statutes are to be construed.