ESTATE OF JAMES O. SNIDER, DECEASED, KANDACE SNIDER LINDSEY, EXECUTRIX, PETITIONER *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9117–82.     Filed January 17, 1985.

*C. J. Wofford, Jr.,* for the petitioner.
*James W. Lessis,* for the respondent.

KÖRNER, *Judge*: Respondent determined a deficiency in petitioner's Federal estate tax in the amount of $24,530.62. After concessions,[1] the only issue remaining for us to decide is whether the widow's allowance provided by Texas law qualifies for the marital deduction under section 2056(a),[2] or, on the contrary, is a nondeductible terminable interest under section 2056(b). If the allowance qualifies for the marital deduction, we must also determine whether the amount of the deduction is limited to one-half of the allowance.

This case was submitted to the Court under the provisions of Rule 122, upon a set of stipulated facts and exhibits. The stipulation of facts and joint exhibits attached thereto are incorporated herein by this reference and form the basis of our findings of fact.

### FINDINGS OF FACT

Petitioner is the Estate of James O. Snider (hereinafter referred to, interchangeably, as the estate or petitioner). Kandace Snider Lindsey filed the petition herein in her capacity as executrix of the Estate; she resided in Dallas, Texas, at the time the petition was filed.

James O. Snider and Gladys G. Snider were married on September 15, 1934, and lived together as husband and wife until the death of Gladys G. Snider on September 14, 1970. Two children were born of the marriage, Larry G. Snider and Kandace Snider Lindsey. On July 23, 1971, James O. Snider executed a last will and testament.

James O. Snider and Rosalie Snider were married on October 3, 1972, and lived together as husband and wife until the death of James O. Snider (hereinafter referred to as decedent) on November 18, 1977. Decedent left his entire

---

[1]Included amongst the concessions is petitioner's acknowledgment that respondent's motion for partial summary judgment upon the ground that the value of decedent's homestead property is includable in his gross estate without reduction for the value of any rights of the surviving spouse is in accordance with *Estate of Johnson v. Commissioner*, 718 F.2d 1303 (5th Cir. 1983), revg. 77 T.C. 120 (1981), and should be granted. In *Golsen v. Commissioner*, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971), we held that "better judicial administration requires us to follow a Court of Appeals decision which is squarely in point where appeal from our decision lies to that Court of Appeals and to that court alone." *Golsen v. Commissioner, supra* at 757. Fn. refs. omitted. Appeal in this case would lie to the Fifth Circuit.

[2]All statutory references are to the Internal Revenue Code of 1954 as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise noted.

estate to his two children by his first marriage, equally; no provision was made for the surviving spouse under the will. Decedent's will was duly probated, and Kandace Snider Lindsey and Larry G. Snider, decedent's children by his first marriage, were appointed independent coexecutors of the estate.

On May 25, 1978, Rosalie Snider (hereinafter referred to as the widow) sued the independent coexecutors of the estate for an accounting between decedent's separate estate and their community estate in the Probate Court of Dallas County, Texas; the proceeding expanded to include an accounting between the widow's separate estate and community estate. On June 21, 1979, the widow petitioned the probate court to fix a widow's allowance under the provisions of the Texas Probate Code. The widow stated in her petition that she did not have separate property adequate to maintain herself during the first year after decedent's death and requested that a family allowance of $35,000 be fixed.

The probate court entered judgment in favor of the widow and against the estate, in the amount of $69,366.89, on November 26, 1979. This amount included: (1) The widow's share of the net reimbursement to the community property by decedent's estate after reduction by the moneys owed by the widow to the estate,[3] plus (2) a widow's allowance of $13,750. The estate appealed the determination involving the charges made to decedent's separate estate to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, at Dallas. The Court of Civil Appeals reduced the amount of the judgment to $44,603.46; the amount of the widow's allowance therein was not modified. The judgment of the Court of Civil Appeals has become final.

The total value of the community property of decedent and the widow on November 18, 1977, the date of decedent's death, was $64,405.02; the total value of decedent's separate property was $352,163.32.[4]

---

[3] In other words, the widow's share of the excess of debits to decedent's separate property, over the debits to the widow's separate property.

[4] Consistent with the determinations of the Court of Civil Appeals, the classification of the property in decedent's estate as community or separate, and the values thereof, have been agreed upon by the parties.

Petitioner's Federal estate tax return, filed on February 22, 1979, some 4 months prior to the widow's petition for an allowance, claimed no entitlement to a marital deduction in regard to this allowance, but such claim was made in the petition to this Court filed on April 28, 1982.[5]

OPINION

Petitioner contends that the Texas widow's allowance is subject to the marital deduction and is not taxable as a terminable interest. Petitioner argues, further, that the amount of the marital deduction is the full $13,750, without reduction for the widow's one-half share of the community property. In support of this contention, petitioner argues that: (1) The estate consisted of decedent's half of the community property in the amount of $32,202.51, and decedent's separate property in the amount of $352,163.32, for a total of $384,365.83;[6] (2) the judgment of the probate court, as modified by the Court of Civil Appeals, was paid out of decedent's share of the community property to the extent of $32,202.51; (3) the remaining $12,400.95, of the $44,603.46 judgment, was paid out of decedent's separate property. Therefore, petitioner concludes, it was impossible to pay the $13,750 widow's allowance from community funds as there were not any left after payment of the judgment for $44,603.46, to the extent of $32,202.51, the amount of decedent's share of community property.

Respondent determined, in his notice of deficiency, that the widow's allowance under Texas law is a terminable interest, and, therefore, did not qualify for the marital deduction. Alternatively, respondent contends that if the Texas widow's allowance qualifies for the marital deduction, the amount of said deduction is limited to $6,875. In support of this contention, respondent argues that the allowance should be charged against the full community estate of the deceased husband and the surviving wife, so that the widow's half will bear its burden of such charge.

---

[5]Petitioner claimed entitlement to a marital deduction in the amount of the widow's allowance in the administrative proceeding before the Internal Revenue Service. Respondent disallowed the claimed deduction in the statutory notice of deficiency.

[6]Before payment of funeral expenses, debts, taxes, and administrative costs.

The case appears to be one of first impression in the Federal courts, including this Court.

Section 2056(a)[7] provides for a deduction from the value of the gross estate of an amount equal to the value of any interest in property passing from decedent to the surviving spouse. Interests defined as "terminable" by section 2056(b), however, do not qualify as an interest in property to which the marital deduction applies.[8] Congress has indicated that other than the enumerated exceptions to the terminable interest rule, section 2056(b)(1) is intended to be "all-encompassing with respect to various kinds of contingencies and conditions." S. Rept. 1013, at 2, 80th Cong., 2d Sess. 7 (1948).[9]

In order for the widow's allowance to qualify for the marital deduction, and thus escape the terminable interest limitation, the widow's interest therein must be indefeasible and unconditional as of the moment of decedent's death. *Jackson v. United States*, 376 U.S. 503 (1964).

The issue for resolution is thus whether the widow's interest in the allowance provided by Texas Law is indefeasible and unconditional as of the moment of decedent's death, or whether it would "terminate or fail upon the occurrence of an

---

[7]Sec. 2056(a) reads as follows:

SEC. 2056(a). ALLOWANCE OF MARITAL DEDUCTION.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b) and (c), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in the property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

[8]Sec. 2056(b) provides, in pertinent part, as follows:

SEC. 2056(b). LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

(1) GENERAL RULE.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

[9]In general, the terminable interest rule seeks to assure the possibility of (1) interspousal transfers free of a transfer tax, and (2) the imposition of such tax when the property is transferred to others, by allowing the marital deduction only where the nature of the interest passing to the surviving spouse is such that, if retained until death, it will be taxed in the survivor's estate. If the interest acquired by the surviving spouse is not such as would, if held until death, subject the survivor's estate to liability, it will automatically be a deductible interest. However, the converse is not always true; an interest may be nondeductible even though it may cause estate tax liability upon the death of the surviving spouse. R. Stephens, G. Maxfield & S. Lind, Federal Estate and Gift Taxation, par. 5.06[7][b], at 5–83 (5th ed. 1983).

event or contingency, or on the failure of an event or contingency to occur." Such determination is to be made in accordance with State law. *Hamilton National Bank of Knoxville v. United States*, 353 F.2d 930 (6th Cir. 1965); *United States v. Edmondson*, 331 F.2d 676 (5th Cir. 1964); *Estate of Darby v. Wiseman*, 323 F.2d 792 (10th Cir. 1963); *United States v. Quivey*, 292 F.2d 252 (8th Cir. 1961). The critical factor in applying the terminable interest rule is the possibility under State law of the failure of an interest rather than the actual failure. *Hamilton National Bank of Knoxville v. United States*, *supra*.

The right to a widow's allowance is purely statutory, and is not derived from the common law. *Woolley v. Sullivan*, 92 Tex. 28, 45 S.W. 377 (1898). Under Texas law,[10] a widow is entitled to an allowance, in an amount sufficient for her maintenance, for 1 year after her husband's death.[11] Tex. Prob. Code Ann.

---

[10]The statutory provisions pertaining to the award of a widow's allowance are found in Tex. Prob. Code Ann. secs. 286–293 (Vernon 1980), which provided, in pertinent part, as follows during the year in issue:

*Section 286. Family Allowance to Widows and Minors*
   Immediately after the inventory, appraisement, and list of claims have been approved, the court shall fix a family allowance for the support of the widow and minor children of the deceased.

*Section 287. Amount of Family Allowance*
   Such allowance shall be of an amount sufficient for the maintenance of such widow and minor children for one year from the time of the death of the testator of intestate. The allowance shall be fixed with regard to the facts or circumstances then existing and those anticipated to exist during the first year after such death. The allowance may be paid either in a lump sum or in installments, as the court shall order.

*Section 288. When Family Allowance Not Made*
   No such allowance shall be made for the widow when she has separate property adequate to her maintenance; nor shall such allowance be made for the minor children when they have property in their own right adequate to their maintenance.

*Section 289. Order Fixing Family Allowance*
   When an allowance has been fixed, an order shall be entered stating the amount thereof, providing how the same shall be payable, and directing the executor or administrator to pay the same in accordance with law.

*Section 290. Family Allowance Preferred*
   The family allowance made for the support of the widow and minor children of the deceased shall be paid in preference to all debts or charges against the estate, except expenses of the funeral and last sickness of the deceased.

   Secs. 286 through 293 were amended by Acts 1979, 66th Leg., ch. 24, secs: 15–20, effective Aug. 27, 1979. The 1979 amendment substituted "surviving spouse(s)" for "widow(s)" where appearing and made changes in conformity therewith. These provisions, with some statutory changes enacted from time to time, have been a part of Texas law for more than 50 years.

   [11]Historically, the purpose of the allowance statutes was to protect the widow who had been deprived, by the death of her husband, of the means of support which she was accustomed to receive during his lifetime. In pursuance of this policy, the widow was entitled, in order to secure temporary support and reasonable means with which to begin anew the contest for subsistence, to

sec. 287 (Vernon 1980). The allowance is to be fixed after the inventory, appraisement, and list of claims have been approved. Tex. Prob. Code Ann. sec. 286 (Vernon 1980). No formal application for the allowance is necessary. *Connell v. Chandler*, 11 Tex. 249 (1853).[12] The widow does not waive her right to the allowance by her failure to claim it. *In re May's Estate*, 43 S.W.2d 306 (Tex. Civ. App. 1931). Nor will her allowance of a claim while acting as administratrix of her husband's estate estop her afterward from asserting priority of such claim for her widow's allowance. *King v. Battaglia*, 38 Tex. Civ. App. 28, 84 S.W. 839 (1905).

In fixing the allowance, the facts or circumstances existing at the time of the husband's death, and those anticipated to exist during the first year after such death, shall be regarded. Tex. Prob. Code Ann. sec. 287 (Vernon 1980); *Hall v. Fields*, 81 Tex. 553, 17 S.W. 82 (1891). The amount of the allowance is determined by judicial discretion according to the circumstances of each case. *In re May's Estate, supra*; *San Angelo National Bank v. Wright*, 66 S.W.2d 804 (Tex. Civ. App. 1933); *Gonzalez v. Guajardo de Gonzalez*, 541 S.W.2d 865 (Tex. Civ. App. 1976); *Noble v. Noble*, 636 S.W.2d 551 (Tex. Ct. App. 1982). The amount of the allowance must be reasonable under all circumstances. *Jones v. Barlett*, 189 S.W. 1107 (Tex. Civ. App. 1916).

In the event of a widow's death, one who had furnished her with necessities and had become her creditor bona fide, has a right in equity to be substituted to her rights against the estate of her deceased husband. *Baker v. Rust*, 37 Tex. 242 (1872). The Supreme Court of Texas has not decided whether a widow's right to petition for an allowance survives her remarriage.[13]

---

receive an allowance for a year's support from the estate of her husband. *Woolley v. Sullivan*, 92 Tex. 28, 45 S.W. 377 (1898); *Pace v. Eoff*, 48 S.W. 2d 956 (Tex. Com. App., judgment adopted 1932); *Noble v. Noble*, 636 S.W.2d 551 (Tex. Ct. App. 1982). The legislature intended that the money furnished to the widow should be spent for perishable articles such as food, clothing, and other necessities of the widow. *Pace v. Eoff, supra* at 960.

[12]The filing of an application is, however, encouraged, in order for the widow to provide such information to the court as will enable it to act intelligently. *Connell v. Chandler*, 11 Tex. 249 (1853). The requirement that an application be filed in order for the allowance to be granted, per se, does not disqualify the widow's allowance for the marital deduction as a terminable interest. The necessity of invoking the legal procedures for the enforcement of a right is not a contingency to the existence of the right upon which the "interest passing to the surviving spouse will * * * fail," within the meaning of the statute. *Estate of Rensenhouse v. Commissioner*, 31 T.C. 818 (1959).

[13]Dicta in *Pace v. Eoff*, 48 S.W.2d at 961, discusses the effect of the death of the widow or other contingencies occurring before the expiration of the year immediately after decedent's death and concludes that in such situation the heirs of the husband might present the facts indicating that

Once the allowance has been fixed and an order has been entered stating the amount thereof and the method of payment, viz, whether in a lump sum or in installments, the order has the force of a judgment and cannot be collaterally impeached. Tex. Prob. Code Ann. sec 289 (Vernon 1980); *Pitner v. Flanagan*, 17 Tex. 102 (1856); *Gray v. McFarland*, 29 Tex. 163 (1867). It may be vacated or reversed only by direct attack or by appeal. *Leaverton v. Leaverton*, 40 Tex. 219 (1874); *King v. Battaglia, supra.* The widow's allowance is not subject to the demand of creditors, except for debts pertaining to the expenses of the last illness and funeral of her husband; claims which the estate of decedent might be entitled to offset against the separate estate of the widow may not be deducted from the amount of the allowance. *Leaverton v. Leaverton, supra* at 223; *Ellis v. Emil Blum Co.*, 242 S.W. 1101 (Tex. Civ. App. 1922).

No allowance is to be made when the widow has separate property adequate for her maintenance. Tex. Prob. Code Ann. sec. 288 (Vernon 1980); *McCanless v. Devenport*, 40 S.W.2d 903 (Tex. Civ. App. 1931); *First National Bank in Orange v. MacFarlane*, 160 S.W.2d 969 (Tex. Civ. App. 1942); *Noble v. Noble, supra*; *Gonzalez v. Guajardo de Gonzalez, supra.*[14]

In *Noble v. Noble, supra*, the Court of Appeals of Texas, in reversing the judgment of the county court which granted the application of a surviving spouse for a widow's allowance, stated;

While all judicial determinations must be based on the circumstances of each case, they must also be based on the law applicable to each case. It cannot be seriously argued that a court's discretion is ever broad enough to justify disregarding clear and unequivocal statutory mandates. Section 288 of the Probate Code, in simple and unambiguous language, not only requires that a court consider the separate property owned by the surviving spouse as one of the "circumstances" of each case, but also makes such circumstance decisive when such separate property is adequate to the survivor's maintenance. *Where*, as here, *the survivor owns separate property adequate to*

---

the amount of the allowance was in excess of her necessities and the probate court would then have the authority to modify its judgment according to the facts proved. Compare *Bente v. Sullivan*, 52 Tex. Civ. App. 454, 115 S.W. 350 (1908), holding, inter alia, that the fact that the widow was married at the time that the judgment was entered did not preclude her from claiming the year's allowance. See also *Little v. Birdwell*, 27 Tex. 688 (1964); *Jones v. Barlett*, 189 S.W. 1107 (Tex. Civ. App. 1916), where the widows in the respective cases had remarried at the time they petitioned for a widow's allowance, but the issue of whether they were precluded from claiming the allowance by reason of their having remarried was not raised.

[14]Cf. *Sloan v. Webb*, 20 Tex. 189 (1857), where a children's allowance was denied upon the finding that they had separate property adequate for their maintenance.

*provide maintenance for the survivor for a period of one year, the statutory mandate clearly requires that the application for an allowance be denied.* Given that fact, it is idle to speak of a court's discretion.

Section 288 has been construed to require that the allowance fixed for a surviving spouse be determined with reference to the condition of the whole property of decedent during the first year after death and with reference to the necessities of and the circumstances to which the widow was accustomed to have during the lifetime of her husband. *Pace v. Eoff*, 48 S.W.2d 956, 960 (Tex. Comm'n App. 1932, judgment adopted); *Kennedy v. Draper*, 575 S.W.2d 627, 629 (Tex. Civ. App. — Waco 1978, no writ); *Ward v. Braun*, 417 S.W.2d 888 (Tex. Civ. App. — Corpus Christi 1967, no writ). In none of these cases is there a finding concerning the adequacy of the widow's separate property for her maintenance. A statute that states that a widow must be denied an allowance if she owns separate property adequate to her maintenance cannot possibly be construed to require that the determination concerning the granting of an allowance be made by considering only the condition of decedent's property and the widow's needs and lifestyle, without reference to the amount of separate property owned by the widow. Neither *Pace*, *Kennedy* or *Ward* indicate that the amount of separate property owned by the surviving spouse is to be ignored since a realistic consideration of the "needs" of the survivor cannot overlook the assets separately owned by such survivor. If these three cases in fact hold that Section 288 does not require the court to both consider the separate property owned by the survivor and deny an allowance if such property is adequate to the maintenance of such survivor, then the manner in which they "construed" Section 288 is patently erroneous and cannot be accepted.

[*Noble v. Noble*, 636 S.W.2d at 552–553; emphasis added.]

The aforementioned statutes and cases leave no doubt that the Court is required as a matter of law, to make a determination as to whether the widow has separate property adequate for her maintenance. Should the Court find that she has no such property, an allowance, in a sufficient amount to support the widow for 1 year after her husband's death, shall be fixed. *Chifflet v. Willis*, 74 Tex. 245, 11 S.W. 1105 (1889). Absent such finding, the Court lacks authority to grant an allowance. *McCanless v. Devenport, supra*; *First National Bank in Orange v. MacFarlane, supra*; *Noble v. Noble, supra*; *Gonzalez v. Guajardo de Gonzalez, supra*.

Petitioner contends that since the Texas allowance is similar to widow's allowances in Michigan and Ohio, cases interpreting the Michigan and Ohio statutes are highly persuasive and indicate what interpretation the Texas Supreme Court would give to the statutes granting the allowance; petitioner cites *Estate of Green v. United States*, 441 F.2d 303 (6th Cir. 1971), and *Miller v. United States*, an unreported case (N.D.

Ohio 1974, 35 AFTR 2d 75–1571, 74–2 USTC par. 13,039), in support of this contention. Petitioner's reliance on *Green* and *Miller* is misplaced.

In *Green*, the Court of Appeals for the Sixth Circuit determined that the Michigan widow's allowance, section 27.3178 (138), Mich. Stat. Ann. (Callaghan 1980),[15] was subject to the marital deduction and was not taxable as a terminable interest. The Michigan statute did not contain a provision similar to that of section 288, Tex. Prob. Code Ann. (Vernon 1980), providing that "no such allowance shall be made when the widow has separate property adequate to her maintenance." Nor does the Ohio statute, section 2117.20, Ohio Rev. Code Ann. (Page 1976), upheld as a nonterminable interest that qualifies for the marital deduction in *Miller*, contain any such limitation.

It is clear to us that the entitlement of the widow to a year's allowance under Texas law is contingent upon the widow's not having separate property adequate for her maintenance, as determined by the Texas probate court. An interest that might never come into being, should the widow have separate property adequate for her maintenance for 1 year after her husband's death, is not indefeasible and unconditional as of the moment of decedent's death. This is fatal under *Jackson v. United States, supra.*

We conclude that the widow's allowance provided by Texas law is a terminable interest that does not qualify for the marital deduction under section 2056. In view of our holding, we find it unnecessary to determine whether the amount of the allowance is payable from community property or from decedent's separate property.

To give effect to the above, as well as concessions by the parties on other issues herein,

*Decision will be entered under Rule 155.*

---

[15]This provision was repealed by Pub. Acts 1978, No. 642, effective July 1, 1979.