## MARY B. TROUSDALE v. J. TROUSDALE'S EXECUTORS.

1. A testator's widow is not entitled to have the "year's allowance" assigned to her out of the estate, when the will of the testator has already made adequate provision for her in lieu of the year's allowance. (In the present case the will did not expressly state the legacies to the widow to be in lieu of her year's allowance.)

2. The district court erred by confirming an executor's sale of real estate, when the sale was made on one day and the published advertisement of the sale designated a different day of sale.

3. A district court (sitting in probate) having erroneously confirmed an

executor's sale of real estate, made on a different day than that advertised, as appears by the transcript, the counsel for the appellee in this court suggested that in fact the sale was made on the day advertised, and moved that a writ issue from this court directing the district clerk to permit the newspaper publisher to make return of the advertisement under which the sale was really made, and further directing the said clerk thereupon to certify to this court a transcript of such corrected proof of publication. *Held*, that the motion cannot be allowed, as it would be an exercise of an original jurisdiction not pertaining to this court.

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

John Trousdale, the testator, bequeathed to his wife, the appellant, his homestead place during her natural life, and gave her absolutely all the household and kitchen furniture, except such as should be specifically bequeathed to others, together with two horses or mules of her selection out of his stock, twenty head of cattle, twenty of sheep, twenty hogs, a wagon and harness for two horses, four hundred dollars in money, and "a sufficient amount of corn and meat to supply her for one year." The remainder of his estate he bequeathed to his children. The will made no mention of the statutory allowance to widows.

The other material facts are fully stated in the opinion of the court.

*Jarmon & Cross*, for the appellant.

*Moore & Ledbetter*, for the appellees.—There is but a single point in this appeal from the confirmation of the sale by the District Court of Fayette county. That arises from the absence of the published notice of sale.

The court will observe that the day of sale in the original order and publication had been changed by the court, and the sale ordered to take place on the first

Tuesday in August, 1871, instead of the first Tuesday in July, 1871, as by the first order.

It was under this amended order that sale did take place (Sayles's Probate Laws, § 250, page 107); and it is very certain that the publication of the sale, as returned by the publisher, was that which was changed by the court and a new day assigned for the sale. Hence it is evident that the publisher failed to make return of the publication under which the sale did take place.

Certainly it will not be held, for this irregularity, that the sale and confirmation must be set aside.

The order of confirmation cures every such irregularity in the return. (Wells v. Mills, 22 Texas, 302 ; Yerby v. Hill, 16 Texas, 376 ; Brown v. Christie, 27 Texas, 73 ; note *b*, page 104, and note *b*, page 105, Sayles' Probate Laws ; Alexander v. Maverick, 18 Texas, 179.) In Wells v. Mills, and Yerby v. Hill, cited above, the court say that the confirmation or rejection by the court of the sale is a discretion, confided to the district judge, and not subject to revision.

The same principle is announced that mere irregularities, even where no publication has been given, are not sufficient to set aside a sale. (Howard v. North, 5 Texas, 307.) The court say in this case, the want of notice does not invalidate the sale. (Pas. Dig., note 867, p. 621.)

In the case at bar the executors, under the will, were clothed with ample power to make the sale, without the intervention of the court. But, as the record exhibits, every step of the executor has been contested by this appellant, and he hoped to avoid suits by having an open public sale, which he, under the will, could make privately ; and if the public sale is irregular, he can confirm the same by the approval of the court, and make title to purchaser.

OGDEN, J.—The will of John Trousdale bequeathed to his wife, Mary B. Trousdale, the appellant in this cause, the homestead place, with the household and kitchen furniture, a wagon and horses, twenty head of cattle, sheep and hogs, and four hundred dollars in cash ; by which it clearly appears that the testator intended to provide, himself, during his life, for the immediate wants of his widow after his death.    And this provision was clearly intended to be in lieu of an appropriation by the court, of a year's maintenance. The court did not, therefore, err in overruling the appellant's application for such an allowance.

But we think there is error in the judgment of the district court, which will require a reversal of the same. The order of the judge in chambers, made on the tenth day of June, 1871, directed that the land in question should be sold on the first Tuesday in August, 1871 ; and it appears that the sale was made on that day, but the copy of the advertisement which accompanies the record, and which is sworn to by the editor, requires that the sale should have been made on the first Tuesday in July ; and the appellant claims that, by reason of the change of the time of sale, and the failure to advertise as the law requires, she was deprived of the privilege of being present at the sale, and of bidding for the land, and that therefore the sale should be set aside.    If such are the facts of the case, then most certainly the sale should have been set aside, and another ordered.

Counsel for the appellees admit that the record fails to show that the sale of the land was legally advertised to take place when it did.    But they claim in their brief that the advertisement for the sale of the land on the first of August was in fact legally made ; that there were two advertisements published for the sale, one fix-

ing the time in July, and the other in August; that the first was not made in time to authorize the sale in July, and that in consequence the executors procured another order, directing the sale to be made in August; and that the sale was legally advertised to take place when it was in fact made, but that through a mistake of the editor who published the same, the wrong advertisement was sworn to and returned into court. These facts show most conclusively that the judgment of the district court, in confirming the sale, was made and entered without sufficient evidence of the legality of the sale, to support the same, and was therefore erroneous.

We are, however, asked to correct the error by granting an order in the form of a *certiorari*, directing the clerk of the district court to receive and file the correct advertisement and affidavit, and then to send up to this court a copy of the same, as a part of the record in this cause. Such an order would be in direct violation of the law and the uniform practice of this court. It would be a direct usurpation of the original jurisdiction of the district court. This court has a revisory power only, to determine from the record whether or not the judgment of the district court is in accordance with the law and the facts of the case, as it was presented to that court. With this rule before us, we are constrained to decide that the district court had not sufficient evidence before it, that the sale of the land in question had been legally advertised to take place on the first Tuesday in August, to authorize a judgment of confirmation. But appellees claim that under the will they had authority to sell the land without applying for an order for that purpose; but we do not feel called upon to decide that question, since they did invoke the authority of the court; and our decision is, that the powers of the court were wrongly or erroneously exercised.

---

---

The judgment is therefore reversed and the cause remanded.

REVERSED AND REMANDED.