Betty Jo KENNEDY, Independent Executrix of the Estate of Ernest Albert Draper, Deceased, Appellant,

v.

Gladys Fry DRAPER, Appellee.

No. 5940.

Court of Civil Appeals of Texas, Waco

Dec. 14, 1978.

Allan Howeth, Noel C. Ice, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, Robert F. Salter, Gatesville, for appellant.

Edwin E. Powell, Jr., Gatesville, for appellee.

HALL, Justice.

Appellee Gladys Fry Draper is the widow of Ernest Albert Draper. She is 71 years of age. She married Mr. Draper in September, 1976. He died testate in May, 1977. A former wife was the primary beneficiary under his will, but because she predeceased him his property passed under the will to his two children and two other relatives. The will has been admitted to probate. Appellee initiated this suit against appellant Betty Jo Kennedy, Independent Executrix of Mr. Draper's estate, to have certain exempt property (including a 1976 Buick automobile, some furniture and appliances, and miscellaneous kitchenware) set apart for her use and benefit under the provisions of V.A.T.S. Probate Code, § 271, or, alternatively for a reasonable sum in lieu thereof under the provisions of § 273 of the Code; and for a family allowance for her maintenance for one year under the provisions of § 286 of the Code, which she alleged "should be in the amount of $5,000.00 payable in one lump sum."

Prior to the hearing on appellee's application the parties agreed that appellee should have a 1976 Buick automobile and a hutch set aside for her use and benefit under the provisions of § 271 of the Code, and an order was entered by the court approving that settlement. After the hearing, which was without a jury, the court awarded appellee $6,000.00 family allowance.

Appellant first asserts the evidence is both legally and factually insufficient to support the family allowance of $6,000.00 to appellee, arguing that the evidence establishes that appellee has separate property sufficient for her maintenance. We overrule those contentions.

§ 286 and § 287 of the Probate Code provide for the fixing of a family allowance for the widow sufficient for her maintenance for one year from the time of the death of the deceased, but § 288 provides that "no such allowance shall be made for

the widow when she has separate property adequate to her maintenance." Those statutes have been construed by our courts to mean that the widow's allowance must be made "with reference to the condition of the whole property [of the deceased's estate] during the first year after [his] death," and with reference to the widow's necessities "measured by [her] condition in life, and by what [she] had been accustomed to have during the lifetime of the husband." *Pace v. Eoff*, 48 S.W.2d 956, 960 (Tex.Com. App.1932); *Ward v. Braun*, 417 S.W.2d 888, 893 (Tex.Civ.App.–Corpus Christi 1967, no writ).

Appellee and Mr. Draper married each other late in their lives. Each had lost a spouse previously by death. Mr. Draper owned a home in the City of Gatesville and several rent properties there. He also owned jointly under a survivorship clause with his daughter Betty Jo Kennedy savings and loan certificates of deposit in the sum $80,000.00. The inventory of his estate was not before the court, but appellant stipulated that excluding the certificates of deposit "the estate is worth at least the sum $40,000.00." Mr. Draper received regular quarterly income from the certificates of deposit. He also received monthly social security benefits. Appellee also owned a home in the City of Gatesville. It was at least thirty years old. Her income totaled approximately $400.00 per month from social security benefits and her former husband's pension. When she and Mr. Draper first married they lived in his house for two months and then moved into her home. He was solicitous of her financial needs, and assumed payment of most of their household expenses. Over her protests, he also paid the balance of $3,000.00 on her home mortgage. They added a double garage and a bedroom to her home, refinished the kitchen, and made repairs to the sewage system. They became very active in several senior-citizens organizations and made trips almost daily, many out-of-town, in connection with those activities. Also during their short marriage, they made a ten-day trip to California. Inferentially, the record supports the determination that Mr. Draper assumed most of the expenses of those trips.

The evidence shows that appellee's "actual everyday maintenance costs for groceries and utilities and all of the bills that make up her daily life" total $397.00 per month; that when Mr. Draper died in May, 1977, the balance in appellee's checking account was $1,050.00; that at the time of trial on March 31, 1978, the checking account balance was $2,964.26; and that her monthly income is $400.00 per month. Appellant emphasizes that evidence in support of her contention that appellee was not in need of nor entitled to the family allowance awarded by the court. However, appellant overlooks the testimony that after Mr. Draper's death appellee depleted her savings account paying off the costs of the additions and repairs made to her house while Mr. Draper was living, and that the only money she now has is in the checking account. Also, since Mr. Draper's death appellee has incurred other expenses for repairs to her house, including rewiring and ceiling insulation, and it is presently in need of wall insulation. Because it is an old house she anticipates other needed repairs might develop anytime.

Appellee testified that Mr. Draper "always said that I would be taken care of. We meant to make a will, but we were busy and hadn't gotten around to it." She said that since her husband's death "my financial situation has been nip and tuck. I have lived off of awfully little since he has been gone. If it hadn't been for neighbors and friends, I don't know what I would have done."

■ We hold the evidence is legally sufficient to support the award in question; and, in the light of the entire record, we find the evidence factually sufficient to support the award.

As we have previously stated, appellee expressly pleaded that her family allowance under § 286 of the Probate Code "should be in the amount of $5,000.00." Appellant asserts the award of $6,000.00 cannot stand because it exceeds the amount pleaded for by appellee. We sustain this contention. With exceptions not applicable in our case,

the judgment must conform to the pleadings. Rule 301, Tex.Rules Civ.Proc.; *Socony-Vacuum Oil Co. v. Aderhold*, 150 Tex. 292, 240 S.W.2d 751, 756 (1951); *Denman v. Stuart*, 142 Tex. 129, 176 S.W.2d 730, 733 (1944); *Starr v. Ferguson*, 140 Tex. 80, 166 S.W.2d 130, 132 (1942).

Appellee's suggestion that the additional $1,000.00 was intended by the court as an allowance to her in lieu of exempt property under § 273 of the Probate Code is conclusively refuted by the order of the court approving the parties' settlement of that question, by the stipulations at the beginning of the hearing that the settlement had been effected and that the only issue before the court was the widow's allowance under § 286, by the evidence adduced at the hearing which related only to the allowance for maintenance, by the parties' arguments to the court at the close of the hearing, and by the judgment in question which expressly recites that the $6,000.00 award is made under the provisions of § 286.

The judgment is reformed to provide that appellee shall recover $5,000.00 from the estate for her family allowance. As reformed, the judgment is affirmed.

Costs of this appeal are taxed 80% against appellant and 20% against appellee.